UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOROTHY PORTER-MCWILLIAMS,

       Plaintiff,

- against -

REGINALD BAKR, DOUGLAS DICKERSON,
ANTHONY MIDDLETON, and WELDON M.
MCWILLIAMS, JR.,

       Defendants.

07 Civ. 407 (WP4)(LMS)

REPORT AND
RECOMMENDATION

TO:    THE ASSIGNED UNITED STATES DISTRICT JUDGE

Dorothy Porter-McWilliams ("Plaintiff"), commenced this action on January 18, 2007, pursuant to 42 U.S.C. § 1983, against Detective Reginald Anderson ("Detective Anderson"),[1] Reginald Bakr ("Bakr"), Douglas Dickerson ("Dickerson"), Anthony Middleton ("Middleton") and Weldon M. McWilliams, Jr. ("McWilliams").  Plaintiff now moves this Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend the Complaint to clarify that her § 1983 cause of action is against non-state actors for conspiring with a state actor to violate her constitutional rights, and to add a claim under 42 U.S.C. § 1985(3).  Defendants Bakr, Dickerson, Middleton, and McWilliams ("Defendants") oppose Plaintiff's motion to amend and also cross-move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for a judgment on the pleadings dismissing all claims against Defendants as set forth in the original complaint and the proposed amended complaint.  In the alternative, Defendants

---

[1] On June 19, 2007, the parties agreed to discontinue the action against Detective Anderson.  Docket entry 20.

1

move for summary judgment pursuant to FRCP 56 as to all claims set forth in the original Complaint and the proposed Amended Complaint.  For the reasons set forth below, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion to amend should be denied because the claims cannot withstand Defendants' cross-motion to dismiss under 12(b)(6).

## I.   BACKGROUND

### A.   Summary of Relevant Facts[2]

Plaintiff is a member of the First Baptist Church ("the Church") in Spring Valley, New York.  Complaint at ¶¶ 5, 13; Amended Complaint at ¶ 13.  Bakr, Dickerson, and Middleton are members of the Board of Deacons of the Church, and McWilliams is the Chairman Ex-Officio of the Board of Deacons and the leader of the Church.  Complaint at ¶¶ 7-8, 15; Amended Complaint at ¶¶ 6-7, 15.

On January 22, 2006, Plaintiff attended a religious service and a discussion of Church business ("the discussion") at the Church.  Complaint at ¶¶ 14-21; Amended Complaint at ¶¶ 14-22.  Defendants were also present.  Complaint at ¶ 14; Amended Complaint at ¶ 14.  During the discussion, McWilliams informed those in attendance that he was going to install certain individuals as officers of the Church.[3]  Complaint at ¶ 16; Amended Complaint at ¶ 16.  In response, Plaintiff stood and questioned McWilliams about the propriety of installing officers of the Church without first discussing the qualifications of the individuals with the Church

---

[2] The facts herein are taken from the Complaint and the proposed Amended Complaint, the allegations of which are taken as true for the purposes of ruling on Defendants' cross-motion to dismiss pursuant to Rule 12(b)(6).  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

[3] The parties disagree about whether the religious service was concluded prior to this announcement.  For purposes of these motions, that factual dispute is not material.

congregation. Complaint at ¶ 16; Amended Complaint at ¶ 17-18. According to Plaintiff, Bakr responded to Plaintiff's question by shouting "not today, not now, not again," and then repeated the statement in a loud voice. Complaint at ¶ 19; Amended Complaint at ¶ 20. Plaintiff alleges that McWilliams told Plaintiff to be "obedient." Complaint at ¶¶ 20; Amended Complaint at ¶¶ 21.

Plaintiff alleges that Defendants proceeded to conspire with each other to silence Plaintiff while she was at church and to prevent her from exercising her rights to free speech, religion, and freedom from unreasonable searches and seizures. Complaint at ¶ 23; Amended Complaint at ¶ 24. Specifically, Plaintiff alleges that Defendants conspired with Detective Anderson, who is also a member of the Church but was not present at the discussion, to accuse Plaintiff of the crime of disruption of a religious service in violation of New York Penal Law § 240.21. Complaint at ¶¶ 23-25; Amended Complaint at ¶ 26-27. According to Plaintiff, on or about January 30 and 31, 2006, Defendants presented false and deliberately exaggerated information to Detective Anderson knowing that he would use the information to obtain a criminal charge against Plaintiff. Complaint at ¶¶ 24-25; Amended Complaint at ¶ 28-29. Plaintiff was subsequently arrested, charged, and made to appear as a defendant in criminal court. Complaint at ¶ 28; Amended Complaint at ¶ 34. On February 9, 2006, the Village Justice for the Village of Spring Valley issued an Order preventing Plaintiff from going to, speaking at, or practicing her religion at the Church. Complaint at ¶ 26; Amended Complaint at ¶ 30. The Order remained in effect until March 31, 2006, and the criminal charge against Plaintiff was dismissed on July 22, 2006. Complaint at ¶¶ 26-27; Amended Complaint at ¶ 32.

    B.    **Procedural History**

Plaintiff filed a Complaint on January 18, 2007, and subsequently filed a motion to amend the complaint on April 27, 2007. Docket entries 1 and 11. Defendants filed an Answer on February 23, 2007. Docket entry 8. Detective Anderson filed an Answer on March 7, 2007. Docket entry 9. Defendants submitted an opposition to Plaintiff's motion to amend the complaint, together with a cross-motion to dismiss, or, in the alternative, for summary judgment on May 17, 2007. Docket entries 13-16. Plaintiff submitted an opposition to Defendants' cross-motion on June 14, 2007. Docket entry 19. Defendants have not submitted a reply to Plaintiff's opposition and the time to do so has now passed. As noted supra, on June 19, 2007, the parties agreed to discontinue the action against Detective Anderson. Docket entry 20.

## II.  DISCUSSION

### A.  Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff seeks to amend the Complaint to modify the first cause of action to allege that Defendants conspired with a state actor to deprive Plaintiff of her constitutional rights in violation of § 1983 and to add a second cause of action claiming that Defendants conspired with each other to deprive Plaintiff of her constitutional rights in violation of § 1985(3). Plaintiff's Memorandum of Law in Support at Points II and III. Defendants oppose Plaintiff's motion arguing that such an amendment would be futile because Plaintiff has failed to state a claim against them under §§ 1983 and 1985(3). Defendants' Memorandum in Opposition at Points I and II.

Under Rule 15(a) of the FRCP, a pleading may be amended with the leave of the court after a response has been filed. "[L]eave [to amend the complaint] shall be freely given when justice so requires." FRCP 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Indeed,

the Supreme Court has held that, absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment," leave should be granted. Foman, 371 U.S. at 182. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). Accordingly, I now turn to Defendants' cross-motion to dismiss.

### B. Defendants' Cross-Motion to Dismiss

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. McCarthy, 482 F.3d at 191. The court " 'may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Id. (quoting *In re* Tamoxifen Citrate Antitrust Litigation, 429 F.3d 370, 384 (2d Cir. 2005), amended by 466 F.3d 187 (2d Cir. 2006)). In considering a motion to dismiss for failure to state a claim, a district court's review is "limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Id.

#### 1. Plaintiff's § 1983 Claim

In the Amended Complaint, Plaintiff alleges that Defendants are liable to her under § 1983 for conspiring with Detective Anderson to deprive Plaintiff of her constitutional rights. Amended Complaint ¶ 24. Specifically, Plaintiff alleges that Defendants provided Detective Anderson with false and exaggerated information, knowing that he would use the information to

Case 7:07-cv-00407-KMK-LMS   Document 21   Filed 07/03/07   Page 6 of 11

file a criminal charge against her.  Amended Complaint ¶28-29.  Defendants argue that Plaintiff's § 1983 claim against the District should be dismissed because Plaintiff has not alleged sufficient facts showing that Defendants' actions constituted "state action" as required for liability under § 1983.  Defendants' Memorandum in Opposition at Point I.

Section 1983 states, in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the person injured . . . .

42 U.S.C. § 1983.  Thus, "in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993).  "To act 'under color' of law does not require that the accused be an officer of the State."  U.S. v. Price, 383 U.S. 787, 794 (1966).  Rather, private parties may be held liable under § 1983 if they "jointly participate or conspire with a state actor to violate an individual's federal rights."  Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) and Price, 383 U.S. at 794).

However, a "complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."  Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983).  Indeed, "[c]ommunications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make a private party a state actor."  Fisk, 401 F. Supp. 2d at 377.  This is

6

especially true in cases involving private parties who seek assistance from police officers. See Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999). In such cases, "a private party . . . does not become a state actor unless the police were influenced in their choice of procedure or were under the control of the private party." Fisk, 401 F. Supp. 2d at 377. See also Alexis v. McDonald's Rests. of Mass., Inc., 67 F.3d 341, 345, 352 (1st Cir. 1995) (no state action because no evidence that police officer substituted private party's judgment for his own); Kelly v. Yorktown Police Dep't, No. 05 Civ. 6984(DC), 2006 WL 3316183, at *5, 8 (S.D.N.Y. Nov. 13, 2006) (no state action because no allegation that private defendant influenced or controlled police).

  For example, in Ginsberg, the Second Circuit upheld a district court's grant of summary judgment for the private defendant on the plaintiff's § 1983 claim after the plaintiff failed to show any evidence that the defendant did anything more than seek the assistance of a police officer in resolving a disturbance. Ginsberg, 189 F.3d at 271-72. In reaching this conclusion, the Second Circuit explained that providing background information to a police officer did not render the defendant a joint participant in state action for § 1983 purposes, and noted that the police officer exercised independent judgment in deciding how to respond to the defendant's legitimate request for assistance. Id. at 272.

  Like the plaintiff in Ginsburg, Plaintiff here has only alleged that Defendants provided Detective Anderson and the Justice of the Spring Valley Village Court information about the discussion at the Church. Plaintiff has alleged no facts suggesting that Detective Anderson was influenced in his choice of procedure or was under the control of Defendants when he filed a criminal charge against Plaintiff for disruption of a religious service in violation of New York

Penal Law Section § 240.21.  Accordingly, Plaintiff's conclusory allegation of the existence of a conspiracy between Defendants and Detective Anderson, without more, fails to establish joint participation or conspiracy.  Thus, even taking the allegations of the Amended Complaint as true, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff has not alleged interaction between Defendants and Detective Anderson sufficient to rise to the level of "state action."  I conclude, therefore, and respectfully recommend that Your Honor should conclude, that because Plaintiff's § 1983 claim cannot survive Defendants' motion to dismiss, her motion to amend should be denied with regard to the § 1983 claim.

### 2.     **Plaintiff's § 1985(3) Claim**

Plaintiff seeks to amend the Complaint to assert a cause of action against Defendants under 42 U.S.C. § 1985(3), alleging that they conspired to deprive her of her constitutional rights.  Plaintiff's Memorandum of Law in Support at Point II.  Defendants argue that the Amended Complaint does not allege facts sufficient to state a claim under § 1985(3).  Defendants' Memorandum in Opposition at Point II.

The elements of a § 1985(3) claim are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States."  Mian v. Donaldson, Lufkin & Jenrette Secs. Corp, 7 F.3d 1085, 1087 (2d Cir. 1993).  However, because § 1985(3) was not intended to "reach all conspiratorially tortious interference with the rights of others," a plaintiff asserting a § 1985(3) claim must also allege "some racial, or perhaps otherwise class-based, invidiously discriminatory

Case 7:07-cv-00407-KMK-LMS    Document 21    Filed 07/03/07    Page 9 of 11

...

animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Although the Supreme Court has left unclear which classes of people are encompassed by the class-based animus requirement, see Bray v. Alexandria Women's Health Ctr., 506 U.S. 263, 268-269 (1993), in United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825 (1983), the Supreme Court noted that whether § 1985(3) applied to "any class-based animus other than animus against Negroes and those who championed their cause, most notably Republicans[,]" was a "close question," and concluded that § 1985(3) was not intended to reach conspiracies motivated by bias against economic views or activities. Id. at 836. In Bray, the Supreme Court held that abortion clinics were not entitled to sue an anti-abortion association and several individuals under § 1985(3), holding that under § 1985(3), a class must be "something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." Bray, 506 U.S. at 269. The Supreme Court went on to explain that allowing the plaintiffs to pursue their claims under § 1985(3) would convert the statute into a general federal tort law and allow "innumerable tort plaintiffs . . . to assert causes of action under § 1985(3) by simply defining the aggrieved class as those seeking to engage in the activity the defendant has interfered with." Id.

Guided by this precedent, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff has not stated a § 1985(3) claim in her Amended Complaint sufficient to withstand Defendants' 12(b)(6) motion. Plaintiff has not alleged that she was discriminated against because of her race, gender, or membership in any other traditionally disadvantaged group; rather, Plaintiff argues that the Amended Complaint alleges the required discriminatory animus by alleging that Defendants conspired to deprive her of her rights because

9

of her membership in a class of people,"to wit, citizens of the United States who are members of the congregation of the First Baptist Church in Spring Valley, New York who wish to question the Pastor on questions of Church business and to speak out at Church meetings when appropriate, and who are entitled to the equal protections and privileges of the First and Fourth Amendments to the Constitution . . . ." Stephen B. Lowe Affidavit in Support of Motion at page 4. As in Bray, Plaintiff's allegation is merely an assertion that she is part of a group of people whose activities are disfavored and have been interfered with by Defendants. Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's § 1985(3) claim cannot withstand a 12(b)(6) motion to dismiss, and therefore I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion to amend her complaint to assert a § 1985(3) claim should be denied as futile.

### III.    CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion to amend should be denied as futile. I also conclude, and respectfully recommend that Your Honor should conclude, that Defendants' 12(b)(6) cross-motion to dismiss should be granted in its entirety.

### IV.    NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the assigned United States

ojections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the assigned United States District Judge at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to the assigned United States District Judge.

Dated: July 2, 2007
White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
Chief United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:
   The Assigned United States District Judge

11