UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOROTHY PORTER-McWILLIAMS,

                Plaintiff,

   -v-

DETECTIVE REGINALD ANDERSON, Individually
and as a police officer of the Village of Spring Valley,
REGINALD BAKR, DOUGLAS DICKERSON,
ANTHONY MIDDLETON, and WELDON M.
McWILLIAMS, JR.,

                Defendants.

Case No. 07-CV-0407 (KMK)(LMS)

ORDER ADOPTING
REPORT & RECOMMENDATION

Appearances:

Stephen B. Lowe, Esq.
McCormack, Damiani, Lowe & Mellion
New York, New York
*Counsel for Plaintiff*

Christina M. Sanabria, Esq.
Sanabria & Manson
Middletown, New York
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Plaintiff Dorothy Porter-McWilliams commenced this action for alleged violation of her

constitutional rights under the First, Fourth, and Fourteenth Amendments. Her Complaint named

as defendants Reginald Anderson ("Anderson"), detective of the Village of Spring Valley Police

Department; Reginald Bakr, Douglas Dickerson, and Anthony Middleton, deacons of the First

Baptist Church of Spring Valley, New York (the "Church"); and Weldon M. McWilliams, Jr.

("McWilliams"), pastor of the Church.

Plaintiff alleges that during a discussion of Church business as part of a religious service that occurred on January 22, 2006, she sought to participate by making a comment. (Compl. ¶¶ 14, 16.) She alleges that she was "shouted to . . . in a loud voice and in a rude manner" and that she was told to be "obedient" and "silent." (*Id.* ¶¶ 19-21.) She alleges a conspiracy among Defendants "to deprive Plaintiff of her constitutionally protected rights to free speech and to freely practice her religion by causing her to be arrested by the police and charged with a crime." (*Id.* ¶ 23.) For this alleged deprivation, she seeks redress under 42 U.S.C. § 1983. (*Id.* ¶ 2.)

On April 27, 2007, Plaintiff moved to amend her Complaint and to state a jury demand. On May 17, 2007, Defendants other than Anderson cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, for summary judgment. On June 19, 2007, the Parties stipulated to dismissal of Anderson from the case. Chief Magistrate Judge Lisa M. Smith issued a Report & Recommendation ("R&R") on the pending motions on July 2, 2007, concluding that Plaintiff's Motion should be denied as futile and Defendants' Motion should be granted.[1] Judge Smith's R&R concluded with notice that objections were due within thirteen working days and that "[f]ailure to file timely objections to this Report & Recommendation will preclude later appellate review of any order of judgment that will be entered."

On July 11, 2007, Plaintiff filed a two-page document styled as objections to the R&R. Although the single descriptive paragraph begins with the word "specifically," it states only that Plaintiff objects to the R&R in its entirety and asks for reconsideration of all recommendations

---

[1] The motions were referred to Judge Smith by operation of the standing order of Chief District Judge Kimba M. Wood, a copy of which was docketed in this case on January 18, 2007. The case was reassigned to the undersigned on August 6, 2007.

and underlying findings.  (Obj. at 1.)[2]  Plaintiff seeks de novo review of the whole R&R.  (*Id.*)

As a threshold matter, the Court notes with disappointment the unhelpfulness of Plaintiff's filed objections.  The Sixth Circuit has explained why general objections to a magistrate's report and recommendations do disservice to the court system:

> The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Neuman v. Rivers*, 125 F.3d 315 (6th Cir. 1997) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  Indeed, the Sixth Circuit has found the problem so substantial that it has ruled a general objection to the entirety of a magistrate's report to have the same effect as a failure to object – that is, to make the standard of review applied by a district judge to the report for clear error only, and to preclude appellate review.  *See Neuman*, 125 F.3d at 322; *cf. United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (holding that district courts shall make de novo determinations only of portions of report to which objections are

---

[2] The "objections" read:

> Specifically, Plaintiff respectfully objects in all respects to the Magistrate's recommendation that Plaintiff's motion to amend her complaint in the form and substance submitted with Plaintiff's motion be denied, Plaintiff further respectfully objects in all respects to the recommendation that Defendants' cross-motion to dismiss be granted, and Plaintiff respectfully objects to all of the findings that underly [sic] the foregoing recommendations.
>
> Therefore Plaintiff respectfully requests that the assigned United States District Judge make a de novo determation of all of the Magistrates' [sic] findings and the Magistrates' [sic] recommendations hereinabove set forth.

(Obj. at 1.)

made); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (holding that in reviewing a magistrate's report to which there have been no objections, "a district court need only satisfy itself that there is no clear error on the face of the record"). Several other circuits have adopted a similar rule. *See Douglas v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). The Supreme Court has cited approvingly legislative history showing that the Magistrates Act was meant to require "specific objection" in order to trigger de novo review. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). The Second Circuit, however, has not yet explicitly adopted or rejected a rule like that of the Sixth Circuit.[3]

In any event, even applying the de novo review standard, the Court has little difficulty reaching the same conclusion as did Judge Smith that Plaintiff's Section 1983 claim must fail because there is no plausible set of facts that Plaintiff could prove, consistent with her allegations, that would entitle her to relief.

A court appropriately awards judgment on the pleadings "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). In deciding a Rule 12(c) motion, the court applies "'the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).

---

[3] While the Second Circuit has not ruled on this point, at least one other lower court has applied the rule in *Neuman*. *See Grosso v. Artuz*, No. 97-CV-1623, 1998 WL 542312, at *3 (S.D.N.Y. Aug. 25, 1998).

As the Second Circuit has recently expounded, this nevertheless requires Plaintiff to meet a

"'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations

in those contexts where such amplification is needed to render the claim plausible." *Iqbal v.*

*Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

A claim under Section 1983 requires that a defendant have acted "under color of law."

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Here, Plaintiff has not pled a plausible

theory under which Defendants' actions can be so colored. When a private citizen calls for

police assistance and makes a complaint against an alleged lawbreaker, the complaining citizen

does not automatically become a state actor. *See Newman v. Bloomingdale's*, 543 F. Supp. 1029,

1032 (S.D.N.Y. 1982). To survive judgment on the pleadings, a Section 1983 complaint must

make allegations sufficient to create an inference that the private individual defendant and the

state official were acting in concert. *See Bacquie v. City of New York*, No. 99-CV-10951, 2000

WL 1051904, at *2 (S.D.N.Y. July 31, 2000) (holding that Section 1983 claim requires

allegation that police officer did something more than follow ordinary procedure in response to

defendants calling police and swearing a complaint). Mere conclusory allegation of conspiracy

or concerted action with a government officer, as Plaintiff has made here, does not suffice to

plead a Section 1983 action. *See Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)

(affirming dismissal of Section 1983 claim where complaint failed to "allege facts demonstrating

that the private entity acted in concert with the state actor to commit an unconstitutional act").

While it may be assumed, as the Court must in a motion to dismiss and in a motion to amend,

that Defendants fabricated or embellished Plaintiff's conduct in complaining of it to Detective

Anderson, Plaintiff has not alleged that Anderson knew of the falsity of the claims, let alone that

Anderson altered his procedures, or was in any way under Defendants' control. Without allegation of such facts, Plaintiff has failed to fashion a viable Section 1983 prayer.

The Court likewise reaches the same conclusion as did Judge Smith that Plaintiff's Motion for Leave to Amend her Complaint is properly denied as futile. A court may deny a motion to amend where the amendment would be futile, as measured by whether the proposed amended complaint could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87-88 (2d Cir. 2002).

As to the Section 1983 claim, the Proposed Amended Complaint does not address the defects that cause the initial Complaint to fail as described above. Indeed, Plaintiff's Proposed Amended Complaint appears carefully crafted so as not to allege the key necessary fact. Although it states that Detective Anderson "agreed to accuse the plaintiff of the crime . . . by presenting false and/or exaggerated information to a Justice of the Village Court," it does not allege that Anderson presented information that he knew was false or exaggerated. (Pl.'s Notice of Mot. Ex. A ¶ 28.)

The Court does not ignore the implications that Plaintiff has sought to place between the lines of her Proposed Amended Complaint. Defendants Bakr, Dickerson, Middleton, and McWilliams "sought out" one police officer who, for unstated reasons, refused to press charges. (*Id.* ¶ 25.) Then, these same Defendants sought out Detective Anderson, who was a congregant in the Church, and he acted on the information that was provided. (*Id.* ¶ 26.) Therefore, the unwritten text might say, the first officer's failure to act shows that Anderson improperly altered his behavior and misused his office in furtherance of a conspiracy with Defendants. But

Plaintiff, who has dismissed the action against Anderson, is unwilling to take this last essential step. Indeed, though not dispositive of Defendants' futility claim, it bears noting that Plaintiff has submitted N.Y. Criminal Procedure Law § 100.20 supporting depositions of Defendants Bakr and Middleton on which Anderson claimed to have acted. (*Id*. Ex. E.) Given Plaintiff's dismissal against Anderson, she evidently accepted Anderson's lack of knowledge of the falsity of these depositions. Plaintiff's lack of factual allegation that Anderson took any improper act – even if the ethical course and the proper course under Federal Rule of Civil Procedure 11 – is nevertheless fatal to the Section 1983 claim in her Proposed Amended Complaint.

Likewise, for the reasons persuasively stated by Judge Smith, the Proposed Amended Complaint fails to state a claim under Section 1985(3) because it does not allege a class-based animus against "more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." (R&R 9.) Here, all Plaintiff has alleged is a disagreement among church-goers about the governance of their church.[4] While no doubt a serious issue to those in the community involved, the dispute among the Parties does not give rise to a federal civil rights claim under Section 1985(3). Because Plaintiff's Proposed Amended Complaint could not withstand a motion to dismiss, Plaintiff is denied leave to amend her Complaint.

---

[4] Plaintiff states: "Although this writer could not find judicial authority directly on this point, it is nevertheless submitted that it is beyond dispute that this Plaintiff, as well as any other person similarly situated, is a member of a clearly defined class of exactly the kind and nature that 42 U.S.C. [§]1985 (3) was enacted to protect." (Pl.'s Mem. of Law in Opp. to Cross-Mot. 10.) The Court disagrees. Inability to find judicial authority in support of a proposition hardly places it beyond dispute, and instead ought to put the writer on notice of making a potentially dubious claim. *Cf.* Georgene M. Vairo, *RULE 11 SANCTIONS: CASE LAW, PERSPECTIVES AND PREVENTIVE MEASURES* § 6.05 (Richard G. Jonhson ed., 3d ed. 2004) ("Rule 11 also requires litigants to engage in a reasonable legal inquiry. Thus, if a legally unsupportable paper is presented to the court, and the proponent cannot demonstrate what reasonable research steps led to the filing of the paper, sanctions will invariably follow.").

For the reasons stated above, Plaintiff's Motion for Leave to Amend her Complaint is DENIED and Defendant's Motion for judgment on the pleadings is GRANTED. The Clerk of Court is directed to terminate the pending motions (Docket Nos. 11, 13) and to close the case.

SO ORDERED.

Dated: November 30 , 2007
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List:

Stephen B. Lowe, Esq.
McCormack, Damiani, Lowe & Mellion
499 Route 304
New City, New York 10956
*Counsel for Plaintiff*

Christina M. Sanabria, Esq.
Sanabria & Manson
90 Crystal Run Road, Suite 405
Middletown, New York 10941
*Counsel for Defendants*

Copy To:

The Honorable Lisa M. Smith
Chief United States Magistrate Judge